UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          vs.                                      DECISION AND ORDER
                                                  04-CR-6077 CJS

MOHAMED SUBEH,

                    Defendant.
_____

## INTRODUCTION

The defendant has been accused, by way of indictment, of two counts of making a false statement in violation of 18 U.S.C. 1001(a)(2).[1] Now before the Court is the defendant's motion "for an Order dismissing the indictment pursuant to FR Crim P Rule 12 (b) (2) and for such other, further and different relief as the Court deems just and proper under the circumstances." (Defendant's Notice of Motion, dated October 20, 2006, at 1.) For the reasons to be stated, the defendant's application is denied in all respects.

## DISCUSSION

Count One of the indictment reads as follows:

> On or about the 23rd day of May, 2003, in the Western District of New York, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: an investigation into possible terrorist activities being conducted by the Federal Bureau of Investigation, an agency of the Department of Justice of the United States, the defendant, MOHAMED SUBEH, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation; that is, the defendant MOHAMED SUBEH, told a Special Agent of the Federal Bureau of Investigation and a

---

[1] A third count, also alleging a violation of 18 U.S.C. § 1001(a)(2), was dismissed by order of District Court Judge Michael A. Telesca, dated July 5, 2006, adopting, in that regard, the Report and Recommendation of Magistrate Judge Marian W. Payson to whom the case had been referred.

> member of the Joint Terrorism Task Force sponsored by the Federal Bureau of Investigation that the defendant, MOHAMED SUBEH, did not want a man whose identity is known to the Grand Jury to leave the United States because the man whose identity is known to the Grand Jury would jeopardize his immigration status if he (the man whose identity is known to the Grand Jury) left the United States; when in point of fact, and as the defendant then and there well knew, the man whose identity is known to the Grand Jury was interested in becoming a suicide bomber in the country of Israel on behalf of the foreign terrorist organization Al-Aqsa Martyr's Brigade,
>
> All of the above in violation of Title 18, United States Code, Section 1001(a)(2).

Count Two of the indictment reads:

> On or about the 23rd day of May, 2003, in the Western District of New York, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: an investigation into possible terrorist activities being conducted by the Federal Bureau of Investigation, an agency of the Department of Justice of the United States, the defendant, MOHAMED SUBEH, did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation; that is, the defendant MOHAMED SUBEH, told a Special Agent of the Federal Bureau of Investigation and a member of the Joint Terrorism Task Force sponsored by the Federal Bureau of Investigation that a man whose identity is known to the Grand Jury is leaving the United States because he (the man whose identity is known to the Grand Jury) was homesick and wanted to marry his fiancé[e]; when in point of fact, and as the defendant then and there well knew, the man whose identity is known to the Grand Jury was interested in leaving the United States because the man whose identity is known to the Grand Jury was interested in becoming a suicide bomber in the country of Israel on behalf of the foreign terrorist organization Al-Aqsa Martyr's Brigade,
>
> All of the above in violation of Title 18, United States Code, Section 1001(a)(2)

To convict the defendant of violating 18 U.S.C. § 1001(a)(2), the Government must prove beyond a reasonable doubt each of the following five elements:

> (1) that the defendant made a statement;
>
> (2) that the statement was false and the defendant knew it was false;

(3) that the statement was made knowingly and willfully;

(4) that the statement was made within the jurisdiction of a federal agency; and

(5) the statement was material.

However, it is a defense to a charge of making a false statement in violation of 18 U.S.C. § 1001(a)(2) that the statement in question was "literally true." This is commonly referred to as the "*Bronston*" defense. *See Bronston v. United States*, 409 U.S. 352 (1973).

> The purpose of the *Bronston* rule is to place the burden on the examiner to probe for details during the examination. The rule prevents an examiner from resolving ambiguities in the elicited testimony with a perjury prosecution after the fact.

*United States v. Schafrick*, 871 F.2d 300, 303 (2d Cir. 1989). While *Bronston* involved a perjury prosecution, it is well settled that the "literal truth" defense is also applicable to false statement prosecutions under 18 U.S.C. § 1001. *United States v. Mandanici*, 729 F.2d 914, 921 (2d Cir. 1984). As to the *Bronston* defense, it applies either (1) where a defendant made a statement in response to a question that was ambiguous, or capable of being understood in more than one way, and the answer given by the defendant to one reasonable interpretation of the ambiguous question was not false; or (2) where a defendant made a statement in response to a question that was clear and unambiguous, but the answer to the clear question was ambiguous and capable of being understood in more than one way, and one reasonable interpretation of the answer given by the defendant was not false. As long as a statement or an answer to a question, or a reasonable interpretation of both statements and answers, is literally or technically true, the crime of making a false statement in violation of 18 U.S.C. § 1001 has not been committed. In examining the statement alleged to be false, the context in which the statement was

purportedly made must be considered. Any words used should be given their normal and customary meaning unless the context in which the words were used clearly shows that both the agent for the government and the defendant mutually understood that some other meaning was to be given to a word or words. If the statement in question was literally or technically true, then any intent on the part of the defendant to be ambiguous, to confuse, to evade, or even to mislead, is irrelevant and the defendant cannot be found guilty of violating 18 U.S.C. § 1001. Federal Jury Practice and Instructions § 50.12.

Here, the defendant moves to dismiss both counts of the subject indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2), which states, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The defenses and objections, covered by Rule 12(b)(2), which the defendant at his option may raise by motion before trial, include:

> all defenses and objections which are capable of determination without a trial of the general issue. They include such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, *etc.* Such matters have been heretofore raised by demurrers, special pleas in bar and motions to quash.

Advisory Committee Notes to Federal Rules of Criminal Procedure, Rule 12, Note #2. As the district court in *United States v. Cassese*, 273 F.Supp. 2d 481 (S.D.N.Y. 2003), explained with respect to a 12(b)(2) application:

> Federal Rule of Criminal Procedure 12(b)(2) permits pre-trial consideration of any defense "that the court can determine without a trial of the general issue." While legal issues can be resolved by the court, fact questions raised by an Indictment are the province of the jury. *United States v. Pirro*, 96 F.Supp.2d 279, 283 (S.D.N.Y.1999). "[A] defendant may not challenge a facially valid Indictment prior to trial for insufficient evidence. Instead, a defendant must await a Rule 29 proceeding or the jury's verdict before he may argue evidentiary sufficiency." *United States v. Kelly*, 91 F.Supp. 2d 580, 583

(S.D.N.Y. 2000). *See also United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) ("To the extent that the district court looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the Government at trial . . . we hold that in the circumstances presented, such an inquiry into the sufficiency of the evidence was premature.").

*Id.* at 484.

Essentially, in this case, the defendant maintains that, since the Government, as to both Count One and Count Two, has been and will be unable, to particularize the exact question that was asked, which elicited the defendant's purported response, both charges must be dismissed pre-trial, since the Government will be unable to disprove that the defendant's response, as to each count, was literally true. The Court, however, in the context of this case, disagrees and concludes that a 12(b)(2) application to dismiss based upon the insufficiency of the anticipated evidence at trial does not lie.

First, the Court determines that the inability of the Government to detail verbatim the question or questions that preceded the defendant's alleged false statements, as charged in Counts One and Two, is not fatal, as a matter of law, to an 18 U.S.C. § 1001 prosecution. Such a verbatim account is not required in order for the Government to satisfy its burden of proof under 18 U.S.C. § 1001. *See, e.g.*, *United States v. Poutre*, 646 F.2d 685, 688 (1st Cir. 1981)("[w]e do not hold that a verbatim transcript or written statement is required *per se* in prosecutions under § 1001") *United States v. Poindexter,* 951 F.2d 369, 388 (D.C. Cir. 1991) (rejecting defendant's motion to dismiss § 1001 count for failure to maintain verbatim transcript and stating that "[t]he absence of such formal trappings [the administration of an oath and the existence of a verbatim transcript] is relevant, of course, to the difficulty of proving beyond a reasonable doubt exactly what the defendant said and whether he intended to deceive his audience as to a material question of fact; but these are

issues of the sufficiency of the evidence in a particular case, not reasons for carving a categorical exception from the statute"), *cert. denied*, 506 U.S. 1021 (1992); *United States v. Clifford*, 426 F. Supp. 696, 702 (E.D.N.Y. 1976) ("This court declines to adopt a rule that would mandate dismissal of a § 1001 count as a matter of law in the absence of a verbatim transcript or a written statement").

Second*,* the *Bronston* holding does not provide a theory of defense that is "capable of determination without a trial of the general issue." Fed. R. Crim. Proc. 12(b)(2). Rather the *Bronston* defense necessarily involves factual issues, since a condition precedent to its consideration requires that some evidentiary foundation, however tenuous, be established at trial. *United States v. Paul,* 110 F.3d 869, 871 (2d Cir. 1997); *United States v. Kwong*, 69 F.3d 663, 667 (2d Cir. 1995); *United States v. Bryser*, 954 F.2d 79, 87 (2d Cir. 1992). That is, the *Bronston* defense would come into play only if some evidence is introduced at trial that the alleged false statement of the defendant as specified in Count One, and/or the alleged false statement of the defendant as specified in Count Two, was made in response to a question that was ambiguous, or capable of being understood in more than one way, and that the alleged false statement was, in fact, literally true. *United States v. Lighte,* 782 F.2d 367, 375 (2d Cir. 1986).  Of course, any issue as to whether  the question eliciting the alleged false statement was ambiguous, or capable of being understood in more than one way, resulting from the inability of law enforcement witnesses to recall exactly what was said, would have to be resolved against the Government.  This is so because *Bronston* provides a "defense," which, once raised, must be disproven by the Government beyond a reasonable doubt. *United States v. West*,  666 F.2d 16, 18 (2d Cir. 1981)*; United States*

*v. Mitchell*, 725 F.2d 832, 833 (2d Cir. 1983); *United States v. Thomas*, 34 F.3d 44, 47 (2d Cir. 1994).

## CONCLUSION

Accordingly, the defendant's motion to dismiss the indictment (#90) is denied.

SO ORDERED.

Dated: Rochester, New York
November 27, 2006

                          ENTER.

                          /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge