IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

    -v-                               04-CR-6077

MOHAMED SUBEH,

               Defendant.

---

## PLEA AGREEMENT

The defendant, MOHAMED SUBEH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a one count Superseding Information charging a violation of Title 18, United States Code, Section 1001(a)(1) (concealing a material fact), which carries a maximum possible sentence of a term of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of up to 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit 'for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.    <u>SENTENCING GUIDELINES</u>

3.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## <u>ELEMENTS OF THE CRIME</u>

4.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that on or about May 23, 2003, the defendant concealed or covered up a fact;

Second, that the fact concealed or covered up was material;

Third, that he did so by trick, scheme or device;

Fourth, that he acted willfully and knowingly; and

Fifth, that the concealment or coverup was with respect to a matter within the jurisdiction of the executive branch of the government of the United States.

## FACTUAL BASIS

5.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   On May 23, 2003, Federal Bureau of Investigation (FBI) Special Agent Joseph Testani spoke with the defendant at the Rochester International Airport, located within Monroe County, in the Western District of New York. Among other matters, Special Agent Testani asked the defendant whether his brother, Ismail Dorgham, was considering becoming a suicide bomber in the Middle East. The defendant stated to Agent Testani that he could not answer that question one way or another, but that Dorgham's mental state worried him. The defendant also stated that his brother was leaving the United States because he was homesick and wanted to marry his fiancé.

3

b.      On June 7, 2003, Special Agent Testani spoke to the
        defendant at the FBI Office located at 100 State
        Street, Rochester, New York.  Among other things,
        the defendant stated that he lied to Special Agent
        Testani when they spoke on May 23, 2003.  The
        defendant further stated that when he spoke to
        Agent Testani on May 23, 2003, he suspected his
        brother was considering becoming a suicide bomber
        because, earlier that day, the defendant had read a
        letter written by Ismail Dorgham, which was
        addressed to the defendant and others, in which
        Dorgham stated (in essence) that he (Dorgham) was
        considering becoming a suicide bomber in Israel.
        The defendant further stated that, after reading
        the letter written by Ismail Dorgham, he ripped up
        and destroyed the letter, and thereafter traveled
        to the Rochester Airport in an effort to stop his
        brother from leaving the United States.  The
        defendant tried to stop Dorgham for several
        reasons, including Dorgham's statements in the
        letter.

c.      The parties agree that the Federal Bureau of
        Investigation is a part of the executive branch of
        the Government of the United States, and conducting
        investigations into a possible suicide bombing in a
        foreign country (such as Israel) is within the
        jurisdiction of the FBI and the executive branch of
        the Government of the United States.  The parties
        further agree that not telling Agent Testani about
        the existence of the letter written by Ismail
        Dorgham to the defendant and others, and thereafter
        destroying the letter, constituted concealment and
        covering up of a material fact in that, had the
        existence of the letter not been concealed and
        covered up, ~~Agent Testani could have made~~ different
        investigative decisions or ~~undertaken different~~
        investigative activities ~~as to Ismail Dorgham on~~
        ~~May 23, 2003~~.  Could have been
        undertaken.

4

## BASE OFFENSE LEVEL

6.    The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

## ADJUSTED OFFENSE LEVEL

7.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 6.

## ACCEPTANCE OF RESPONSIBILITY

8.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 4.

## CRIMINAL HISTORY CATEGORY

9.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or

convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $250 to $5,000, and a period of supervised release of 2 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

11. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a sentence within the range of 0 to 6 months as part of the appropriate sentence in this case. This is the *only* aspect of the sentence that are governed by Rule 11(c)(1)(C). All other aspects of the sentence - including the period of supervised

release and the amount of any fine – are left to the discretion of the Court. If, after reviewing the pre-sentence report, this Court rejects the agreement to sentence the defendant within the sentencing range of 0 to 6 months, the defendant shall then be afforded the opportunity to withdraw the plea of guilty.

12.  The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

13.  The defendant understands that, except as set forth in ¶11, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## III.  **STATUTE OF LIMITATIONS**

14.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges

dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the concealing of material facts, and/or the providing of false statements to the FBI, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV.  <u>GOVERNMENT RIGHTS AND RESERVATIONS</u>

15.  The defendant understands that the government has reserved the right to:

> a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

> b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

> c.  advocate for a sentence of 0 to 6 months;

> d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent

to this agreement the government receives
previously unknown information regarding the
recommendation or factor.

16.  At sentencing, the government will move to dismiss the
open counts of the Indictment in this action.

17.  The government agrees that the defendant will not be
prosecuted by the Office of the United States Attorney for the
Western District of New York for any other federal criminal
offenses committed in the Western District of New York in any way
involving or related to the concealing of material facts, and/or
providing of false statements to the FBI on May 23, 2003, and/or
June 7, 2003, committed up to the date of this agreement and about
which the defendant has informed the government prior to signing
this agreement.

18.  The defendant agrees to provide any financial records and
information requested by the Probation Office and also agrees that
such records or information provided by the defendant, before or
after sentencing, may be disclosed to the United States Attorney's
Office for use in the collection of any unpaid financial
obligation.

## Waiver of Right to Post Conviction

## DNA Testing of Physical Evidence

19.  The defendant fully understands that, to the extent that
the government has or may have any items of physical evidence in
this case that could be subjected to DNA testing pursuant to Title
18, United States Code, Section 3600, the defendant has the right
to file a motion with the Court to have such items tested for DNA
in an attempt to prove that the defendant is actually innocent of
the crime to which the guilty plea has been entered in this case.
The defendant has discussed this right with defense counsel, and
the defendant knowingly and voluntarily waives the right to make
such a motion and to have such DNA testing performed on any such
items the government may have or may obtain in the future.   The
defendant fully understands that because the defendant is waiving
these rights, any physical evidence that may exist or be found to
exist in this case will likely be destroyed or will otherwise be
unavailable for DNA testing in the future.

## V.  APPEAL RIGHTS

20.  The defendant understands that Title 18, United States
Code, Section 3742 affords a defendant a limited right to appeal
the sentence imposed.  The defendant, however, knowingly waives the

10

right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶10 above notwithstanding the manner in which the Court determines the sentence.

21.   The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶10 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VI.   **COOPERATION**

23.   The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others.  The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

24.   The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement.  The defendant's obligation to testify truthfully and completely shall extend to proceedings in federal, state and local courts in jurisdictions which have agreed to abide by this agreement.

25.   In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way

involving or related to the concealing of material facts, and/or the providing of false statements to the FBI, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

26. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

27. The defendant understands that, notwithstanding the defendant's obligation to cooperate with the government as set forth in this agreement, the government will not file a motion pursuant to Guidelines §5K1.1 for a downward departure from the defendant's sentencing range or pursuant to Rule 35(b) for a reduction of the defendant's sentence.

28. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the

government.   This agreement is not contingent upon the filing of
charges against, the return of an Indictment against, or the
successful prosecution of, any person or entity.


29.   It is a condition of this agreement that, up through the
date of the defendant's sentencing, the defendant shall commit no
further crimes.   It is also a condition of this agreement that the
defendant must, at all times, give complete, truthful and accurate
information and testimony and not withhold information from the
government or refuse to testify truthfully and completely.   Should
the defendant be sentenced prior to the completion of the
defendant's cooperation with the government, the defendant's
obligation to comply with the cooperation provisions of this
agreement extends past sentencing.


30.   In the event the government believes the defendant has
violated any of the conditions in the "Cooperation" section of this
agreement, then the government may, before or after sentencing,
petition the Court to declare that the defendant has breached this
agreement and for an order relieving the government of its
obligations under this agreement.


31.   Whether or not the defendant has violated any of the
conditions of this agreement shall be determined by the Court in an

14

appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

32. If this agreement is declared breached:

a.   the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

b.   the government may withdraw any motion filed pursuant to Sentencing Guidelines §5K1.1 and/or Rule 35(b);

c.   the defendant has no right to withdraw the plea of guilty;

d.   the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

e.   the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.  Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the concealing of material facts, and/or the providing of false statements to the FBI, which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

15

33.   At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.   The government and the defendant will request that  sentencing  be  adjourned  until  full  satisfaction  by  the defendant of the terms of this agreement.

34.   The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government  agents  regarding  the  matters  set  forth  in  this agreement.

## VII.   <u>TOTAL AGREEMENT AND AFFIRMATIONS</u>

35.   This  plea  agreement  represents  the  total  agreement between the defendant, MOHAMED SUBEH, and the government.   There are no promises made by anyone other than those contained in this

agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

                              TERRANCE P. FLYNN
                              United States Attorney
                              Western District of New York

                    BY:   _William J. Hochul Jr._____
                              WILLIAM J. HOCHUL, JR.
                              Assistant U. S. Attorney

                              Dated: January 4, 2007

                    BY:   _William Hochul for Brett Harvey_
                              BRETT A. HARVEY
                              Assistant U. S. Attorney

                              Dated: January 4, 2007

                              17

I have read this agreement, which consists of 18 pages.  I have had a full opportunity to discuss this agreement with my attorney, John R. Parrinello, Esq.  I agree that it represents the total agreement reached between myself and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

MOHAMED SUBEH
Defendant

Dated: January 4, 2007

JOHN R. PARRINELLO, ESQ.
Attorney for the Defendant

Dated: January 4, 2007

18